Miltoií Alpebt, J.
Claimants were the holders of a mortgage which was a lien on property owned by the 124 Ferry Street Realty Corp., in Troy, New York, and which was originally in the principal sum of $279,000. The State of New York appropriated the property, but permitted the former owner to continue in use and occupancy at an agreed payment of $1,800 per month.
At the time of the appropriation, there remained due on claimants ’ mortgage the principal sum of $261,556.75. In accordance with the partial payment provisions in effect at the time of the taking, the State in February of 1969 paid $210,000 which represented 75% of the amount of the claim as determined by the Superintendent of Public Works. Of this sum, claimants received $173,039.06 leaving a balance due them of $88,517.69. The balance of the payment by the State was made to prior encumbrancers.
Both the former property owner and the mortgagees have filed claims in this court which are presently pending.
In May of 1972, the Commissioner of Transportation, in accordance with provisions of recent legislation, entered into an advance payment agreement whereby the total sum of $269,-350 representing the full value of the claims, as determined by the Commissioner, was paid. In effect, this involved payment of an additional $59,350 over and above the 75% payment made in February of 1969.
However, the former owner, at the time of the advance payment agreement, was $27,000 in arrears under its use and occupancy agreement with the State. The State withheld the $27,000 and paid out $32,350 plus interest (a total sum of $45,406.91) which was received by claimants in further reduction of the balance due on their mortgage. Claimants, in accepting the *153 further payment, executed a release but reserved to themselves, however, all rights in and to the $27,000 as well as to any judgment over and above the $269,350 paid by the State as may be determined upon trial of the claims.
There are three statutes which are pertinent and which are involved in the disposition of this motion. Where the amount of a claim for legal damages for the taking of property cannot be agreed upon between the owner and the condemnor, chapter 1161 of the Laws of 1971 requires a condemnor, including the State of New York, to “ offer to pay to the property owner the full amount determined by the condemnor to be the value of such claim for legal damages. In no event shall the amount of such offer be less than the condemnor’s approved appraisal of the fair market value of such property.” This provision, enacted July 6, 1971, to take effect immediately, is preceded by the wording “ Notwithstanding the provisions of any general or special statute of the state of New York ”. The enactment of this chapter was recommended by the State Commission on Eminent Domain for the basic purpose of getting moneys into property owners’ hands, over and above amounts required to pay off secured interests, so that such property owners would have some funds with which to purchase replacement properties (State Commission on Eminent Domain, Interim Report, February 1, 1971, pp. 14-15).
The second statute here involved is subdivision 13 of section 30 of the Highway Law (as amd. by L. 1971, ch. 1155, § 9). The court finds that such subdivision as so amended — recommended by the State Department of Transportation — is consistent with and implements the requirements of chapter 1161. In the event of an inconsistency between them, chapter 1161 — being the later enactment — would prevail (McKinney’s Cons. Laws of N. Y, Book 1, Statutes, § 393, p. 564). The court notes that the sponsoring State Department of Transportation regarded the two laws as consistent with each other with respect to the required prepayment of the 100% appraised value (1971 N. Y. Legis. Annual, p. 318).
Accordingly, beginning July 6, 1971, the applicable law (ch. 1161) required that the State, when proceeding by appropriation— which is an eminent domain procedure — offer payment of the full amount of the value of the claim as determined by it. This is the basic statute which the Commissioner of Transportation relied upon in providing for the payment of the additional $59,350 described above.
*154 The third statute — subdivision 13-c of section 30 of the Highway Law, which is an earlier statute — concerns itself with the use and occupancy of appropriated lands by a former owner, tenant, or other party, and provides for a sum to be fixed for the value of such use and occupancy. The subdivision also provides that the Commissioner of Transportation may retain such sum from any consideration to be ‘1 paid by the state to such owner, tenant or other party ’ ’. The subdivision provides: “ Where the former owner, tenant or other party holding, using or occupying property acquired pursuant to this section, is entitled to an award growing out of the acquisition of the property by the state, any unpaid portion of the sum fixed for use and occupancy either by agreement, express or implied, or by court action to establish the same, shall be a lien against such award, subject only to liens of record at the time of the vesting of title in the 'state. ’ ’
- The purpose of the above-quoted provision of law clearly is to enable the Commissioner to retain any unpaid portion of the sum fixed for use and occupancy subject, however, to liens of record at the time of vesting of title in the State. Clearly, claimants here have such a priority of lien.
The court construes the requirements of chapter 1161 of the Laws of 1971, as taking precedence over the requirements of subdivision 13-c to the extent of any inconsistency between them. Here the court finds that retention of the $27,000 by the State will not result in the State’s ultimately being entitled to the same because, clearly, claimants have a prior lien and, accordingly, would be entitled to this sum as against the State on account of the State’s claim against the former owner for use and occupancy.
The court finds, under the facts here involved, that basically the provisions of chapter 1161 of the Laws of 1971 require that the $27,000 be paid now to claimants, as prior lienors who are entitled thereto, as part of the required 100% payment before trial, and that such sum may not be retained pursuant to subdivision 13-c because, in the fact situation before the court, the provisions of chapter 1161 of the Laws of 1971, must prevail— the language in chapter 1161 of the Laws of 1971, relating to “ all eminent domain proceedings brought by the state” clearly applies to appropriations of private property by the State as well as to any condemnation proceedings that the State might institute.
Accordingly, the court finds that under the facts here involved, the claimants, as prior lienors, are entitled to receive the $27,000 *155 and that the same should be paid to them now and before trial because of the requirements of chapter 1161 which take precedence, and because under subdivision 13-c claimants’ lien has priority as against the claim of the State for the unpaid amounts due from the former owner on account of use and occupancy.
The court finds that check No. Z-2033762 in the amount of $27,000 held by the State Comptroller should now be made payable to claimants who the court has found above are entitled to such amount.
The attorney for the former property owner appeared and in open court supported claimants’ position in the instant motion.